UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD R. THOMAS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MATEVOUSIAN, et al.,<br><br>　　　　　　Defendants. | 1:17-cv-1592-AWI-GSA-PC<br><br>FINDING AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED<br>(ECF No. 7.)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS |

**I.　BACKGROUND**

Reginald R. Thomas ("Plaintiff") is a federal prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971). Plaintiff filed the Complaint commencing this action on November 30, 2017, against twelve defendants for denial of due process, denial of basic necessities including hygiene supplies, denial of access to courts and retaliation. (ECF No. 1.) The Complaint awaits the court's requisite screening under 28 U.S.C. § 1915A.

On March 8, 2018, Plaintiff filed a motion for a court order compelling prison officials to provide him with paper, copies, and postage. (ECF No. 7.) The court construes Plaintiff's request as a motion for preliminary injunctive relief.

1

## II. PRELIMINARY INJUNCTIVE RELIEF

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24, 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and, in considering a request for injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Lyons, 461 U.S. at 102; Valley Forge Christian Coll., 454 U.S. at 471. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

**Discussion**

Plaintiff is presently incarcerated at the U.S. Penitentiary-Atwater in Atwater, California, where he seeks a court order compelling the defendants to provide him with paper, postage, and copies to prosecute this case.

The court lacks jurisdiction to issue the order sought by Plaintiff, because the order requested by Plaintiff would not remedy any of the claims upon which this case proceeds. This

action is proceeding against defendants for events occurring before November 30, 2017. Plaintiff now requests a court order ordering defendants officials to act based on events occurring in 2018. Because such an order would not remedy any of the claims in this case based upon events occurring before 2018, the court lacks jurisdiction to issue the order sought by Plaintiff, and Plaintiff's motion must be denied.

Furthermore, the court recognizes that prison administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Whitley v. Albers, 475 U.S. 312, 321-322 (1986) (quoting Bell v. Wolfish, 441 U.S. 520, 547 (1970), accord Doe v. Kelly, 878 F. 3d 710, 714 (9th Cir. 2017). Accordingly, the court shall defer to the prison's policies and practices in providing inmates with paper, postage, and copies.

### III.     CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for preliminary injunctive relief, filed on March 8, 2018, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 19, 2018**                    **/s/ Gary S. Austin**
                                                                UNITED STATES MAGISTRATE JUDGE