UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD R. THOMAS,<br><br>            Plaintiff,<br><br>    v.<br><br>MATEVOUSIAN, et al.,<br><br>            Defendants. | 1:17-cv-1592-AWI-GSA-PC<br><br>**SCREENING ORDER**<br><br>**ORDER DISMISSING COMPLAINT FOR VIOLATION OF RULE 8, WITH LEAVE TO FILE AN AMENDED COMPLAINT NOT EXCEEDING 25 PAGES**<br><br>**THIRTY-DAY DEADLINE**<br><br>**ORDER FOR CLERK TO SEND PLAINTIFF A CIVIL COMPLAINT FORM** |

**I.    BACKGROUND**

      Reginald R. Thomas ("Plaintiff") is a federal prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to <u>Bivens vs. Six Unknown Agents</u>, 403 U.S. 388 (1971). On November 30, 2017, Plaintiff filed the Complaint commencing this action, which is now before the court for screening. (ECF No. 1.)

**II.    SCREENING REQUIREMENT**

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

1

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

### III. COMPLAINT

Plaintiff is presently incarcerated at the United States Penitentiary (USP) in Atwater, California, where the events at issue in the Complaint allegedly occurred. Plaintiff names as defendants Andre Matevousian (Warden), the Western Regional Director, Ms. Cassidy, Ms. Ciufo, Mr. Fields, Mr. Hayes, Mr. Copus, Ms. Gardea, Mr. Larson, Mr. Lyons, Mr. Padgett, and Mr. Lopez (collectively, "Defendants").

Plaintiff's Complaint is 40 pages in length. He seeks monetary damages, injunctive relief, and declaratory relief.

### IV. PLAINTIFF'S CLAIMS

A Bivens action is the federal analog to suits brought against state officials under 42 U.S.C. § 1983. Hartman v. Moore, 547 U.S. 250, 126 S.Ct. 1695 (2006). The basis of a Bivens action is some illegal or inappropriate conduct on the part of a federal official or agent that violates a clearly established constitutional right. Baiser v. Department of Justice, Office of U.S. Trustee, 327 F.3d 903, (9th Cir. 2003). "To state a claim for relief under Bivens, a plaintiff must allege that a federal officer deprived him of his constitutional rights." Serra v. Lappin, 600 F.3d 1191, 1200 (9th Cir. 2010) (citing see Schearz v. United States, 234 F.3d 428, 432 (9th Cir. 2000). A Bivens claim is only available against officers in their individual capacities. Morgan v. U.S., 323 F.3d 776, 780 n.3 (9th Cir. 2003); Vaccaro v. Dobre, 81 F.3d 854, 857 (9th Cir. 1996). "A plaintiff must plead more than a merely negligent act by a federal official in order to state a colorable claim under Bivens." O'Neal v. Eu, 866 F.2d 314, 314 (9th Cir. 1988). Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).

### A. Rule 8(a) of the Federal Rules of Civil Procedure

Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions, none of which apply to Bivens actions. Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512 (2002). Under federal notice pleading, a complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-679; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

Plaintiff's Complaint consists of 40 handwritten pages. The Complaint fails to comport with Rule 8(a)'s requirement for "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's lengthy narrative does not succinctly allege facts against the named Defendants. Twenty-five pages are more than sufficient for Plaintiff to identify his claims and set forth specific facts in support of those claims. Plaintiff's Complaint shall be dismissed for violation of Rule 8(a), with leave to file an amended complaint not exceeding twenty-five pages in length.

In the following paragraphs, the court shall set forth the legal standards that appear to address Plaintiff's claims. Plaintiff is advised to review the legal standards before preparing the amended complaint.

///

///

### B. <u>Bivens</u> Actions Following <u>Ziglar v. Abbasi</u>

"The Supreme Court has recently made clear that 'expanding the <u>Bivens</u> remedy is now a disfavored judicial activity,' and has 'consistently refused to extend <u>Bivens</u> to any new context or new category of defendants.'" <u>Buenrostro v. Fajardo</u>, 1:14-cv-00075-DAD-BAM (PC), 2017 WL 6033469, at *2 (E.D. Cal. Dec. 5, 2017) (quoting <u>Ziglar v. Abbasi</u>, 137 S.Ct. 1843, 1857 (2017)). "<u>Ziglar</u> sets forth a two-part test to determine whether a <u>Bivens</u> claim may proceed." <u>Buenrostro</u>, 2017 WL 6033469, at *2. "A district court must first consider whether the claim presents a new context from previously established <u>Bivens</u> remedies." <u>Id.</u> "If so, it must then apply a 'special factors' analysis to determine whether 'special factors counsel hesitation' in expanding <u>Bivens</u> absent affirmative action by Congress." <u>Id.</u> (quoting <u>Ziglar</u>, 137 S.Ct at 1857, 1875.)

"'If [a] case is different in a meaningful way from previous <u>Bivens</u> cases decided by [the Supreme Court], the context is new.'" <u>Buenrostro</u>, 2017 WL 6033469, at *2 (quoting <u>Ziglar</u>, 137 S.Ct. at 1859). "<u>Ziglar</u> provides several examples of differences meaningful enough to make a given context a new one, including 'the constitutional right at issue.'" <u>Buenrostro</u> at *2 (quoting <u>Ziglar</u> at 1860). "To date, the Supreme Court has only recognized a <u>Bivens</u> remedy in the context of the Fourth, Fifth, and Eighth Amendments." <u>Buenrostro</u> at *2 (citing <u>see</u> <u>Bivens</u>, 403 U.S. 388 (Fourth Amendment prohibition against unreasonable searches and seizures)); <u>Davis v. Passman</u>, 442 U.S. 228 (1979) (Fifth Amendment gender-discrimination); <u>Carlson v. Green</u>, 446 U.S. 14 (1980) (Eighth Amendment Cruel and Unusual Punishments Clause).

### Plaintiff's Allegations

Plaintiff alleges four claims: (1) for denial of due process under the Fifth Amendment; (2) for denial of basic necessities including hygiene supplies, in violation of the Eighth Amendment; (3) for denial of access to courts under the First Amendment; and (4) for retaliation under the Eighth Amendment.[1]

---

[1] As a rule, a retaliation claim is brought under the First Amendment. However, here Plaintiff indicates that his retaliation claim is brought under the Eighth Amendment. (ECF No. 1 at 37 ¶¶ 1, 2.)

### C. **First Amendment and Fifth Amendment Claims**

Here, Plaintiff seeks to extend a Bivens remedy for violations of the Fifth Amendment Due Process Clause and of the First Amendment for denial of access to courts. As noted above, the Supreme Court has only recognized a Bivens remedy in the context of the Fourth, Fifth, and Eighth Amendments. Ziglar, 137 S.Ct. at 1860 (Supreme Court has approved three Bivens claims in the past: "a claim against FBI agents for handcuffing a man in his own home without a warrant; a claim against a Congressman for firing his female secretary; and a claim against prison officials for failure to treat an inmate's asthma.") (internal citations omitted).

The Supreme Court has never recognized a Bivens remedy for a Fifth Amendment due process claim relating to the alleged failure of a prison official to provide due process. Similarly, the Supreme Court has never implied a Bivens action under any clause of the First Amendment.[1] See Reichle v. Howards, 566 U.S. 658 n.4 (2012) ("We have never held that Bivens extends to First Amendment claims."). "'[T]he existence of alternative remedies usually precludes a court from authorizing a Bivens action." Ziglar, 137 S.Ct. at 1865.

In the event that Plaintiff wishes to bring his First and Fifth Amendment claims, or a First Amendment retaliation claim in the amended complaint, the court discusses the standards that apply to those claims in a § 1983 prisoner civil rights case.

#### 1. **Access to Courts Claim**

Inmates have a fundamental constitutional right of access to the courts and prison officials may not actively interfere with Plaintiff's right to litigate. Lewis v. Casey, 518 U.S. 343, 346 (1996); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009). Courts have traditionally differentiated between two types of access claims, those involving the right to affirmative assistance, and those involving inmate' right to litigate without *active interference.* Silva v. De Vittorio, 658 F.3d 1090, 1102 (emphasis added). The right to *assistance* is limited to direct criminal appeals, habeas petitions, and civil rights actions. Lewis, 518 U.S. at 354 (emphasis added).

Prisoners have the right to pursue claims without active interference that have a reasonable basis in law or fact. Silva, 658 F.3d at 1103–04 (finding that repeatedly transferring

the plaintiff to different prisons and seizing and withholding all of his legal files constituted active interference). Mere inconvenience to Plaintiff resulting from lost, misplaced, or confiscated legal documents will not suffice to support a constitutional claim. Id. at 1103–04. Inmates do not have the right to a law library or legal assistance. Lewis, 518 U.S. at 351.

Defendants' actions must have been the proximate cause of actual prejudice to Plaintiff. Silva, 658 F.3d at 1103–04. To state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation" by being shut out of court. Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis, 518 U.S. at 348, 351); Christopher v. Harbury, 536 U.S. 403, 415 (2002); Phillips, 588 F.3d at 655. The complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it. Harbury, 536 U.S. 403.

## 2. Due Process Claim – Administrative Remedies Process

Plaintiff claims a violation of his rights to due process because of deficiencies in the processing of his administrative complaints at USP-Atwater. The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id.

"[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Azeez v. DeRobertis,

568 F. Supp. 8, 10 (N.D. Ill. 1982) accord Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

Actions in reviewing a prisoner's administrative appeal generally cannot serve as the basis for liability in a section 1983 action. Buckley, 997 F.2d at 495. The argument that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." Greeno v. Daley, 414 F.3d 645, 656-57 (7th Cir. 2005) accord George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007); Reed v. McBride, 178 F.3d 849, 851-52 (7th Cir. 1999); Vance v. Peters, 97 F.3d 987, 992-93 (7th Cir. 1996).; Haney v. Htay, No. 1:16-CV-00310-AWI-SKO-PC, 2017 WL 698318, at *4–5 (E.D. Cal. Feb. 21, 2017).

### 3. **Retaliation – First Amendment Claim**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a 1983 claim. Rizzo v. Dawson, 778 F.2d 5527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support a claim under section 1983. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003). The Court must "'afford appropriate deference and flexibility' to prison

7

officials in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory." Pratt, 65 F.3d at 807 (9th Cir. 1995) (quoting Sandin, 515 U.S. at 482). The burden is on Plaintiff to demonstrate "that there were no legitimate correctional purposes motivating the actions he complains of." Pratt, 65 F.3d at 808.

### D. Eighth Amendment Claims

Plaintiff brings Eighth Amendment claims for denial of basic necessities and for retaliatory acts against him. The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737, 122 S.Ct. 2508 (2002); Rhodes, 452 U.S. at 346. Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted).

To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in

objective terms, "sufficiently serious . . . ." Farmer, 511 U.S. at 834. "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. Johnson, 217 F.3d at 731. Rather, extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Farmer, 511 U.S. at 834; Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson, 217 F.3d at 731. Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Farmer, 511 U.S. at 835; Frost, 152 F.3d at 1128.

## V. CONCLUSION AND ORDER

The court finds that Plaintiff's Complaint violates Rule 8(a) of the Federal Rules of Civil Procedure. The court will dismiss the Complaint and give Plaintiff leave to file a First Amended Complaint not exceeding 25 pages.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires." Accordingly, the court will provide Plaintiff an opportunity to file an amended complaint not exceeding 25 pages. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file the First Amended Complaint within thirty days.

The First Amended Complaint must allege facts showing what each named defendant did that led to the deprivation of Plaintiff's constitutional rights. Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 678; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must

///

demonstrate that each defendant *personally* participated in the deprivation of his rights by their actions. Id. at 676-77 (emphasis added).

In the amended complaint, Plaintiff should include only those facts needed to state his claims against each defendant, and there is no need for legal citations, arguments, or hypothetical examples. As for his request for relief, Plaintiff does not need to specify the relief sought for *each separate* claim. It is sufficient to make only *one* request for relief in the complaint, indicating whether Plaintiff seeks monetary damages, punitive damages, and/or injunctive relief.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. George, 507 F.3d at 607 (no "buckshot" complaints). Plaintiff is also advised that he has not been granted leave to include allegations of events occurring after the initiation of this lawsuit on November 30, 2017.

Plaintiff is advised that an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Plaintiff's Complaint is dismissed for violation of Rule 8(a), with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Plaintiff is granted leave to file a First Amended Complaint not exceeding 25 pages, within **thirty (30) days** from the date of service of this order;
4. Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:17-cv-01592-AWI-GSA-PC; and

5. If Plaintiff fails to file a First Amended Complaint in compliance with this order within thirty days, this case may be dismissed for failure to comply with a court order.

IT IS SO ORDERED.

Dated: **March 21, 2018**     **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE