UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD R. THOMAS,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>ANDRE MATEVOUSIAN, et al.,<br><br>　　　　　Defendants. | 1:17-cv-01592-AWI-GSA-PC<br><br>**ORDER ON FINDINGS AND RECOMMENDATIONS**<br>**(ECF No. 17.)**<br><br>**ORDER DISMISSING CASE, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER <u>BIVENS</u>**<br>**(ECF No. 16.)**<br><br>**ORDER DIRECTING CLERK TO CLOSE CASE** |

　　　　Reginald R. Thomas ("Plaintiff") is a federal prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to <u>Bivens vs. Six Unknown Agents</u>, 403 U.S. 388 (1971). The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On October 18, 2018, findings and recommendations were entered, recommending that this action be dismissed based on Plaintiff's failure to state a claim upon which relief may be granted under <u>Bivens</u>. (ECF No. 17.) On December 11, 2018, Plaintiff filed objections to the findings and recommendations. (ECF No. 20.)

1

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including Plaintiff's objections, the court finds the findings and recommendations to be supported by the record and proper analysis as to Plaintiff's First and Fifth Amendment claims under *Bivens vs. Six Unknown Agents*, 403 U.S. 388 (1971), as well as to the emotional distress and attorney's fees issues. However, as to Plaintiff's Eighth Amendment "conditions of confinement" claim, the Court will reach the same result, but for a different reason.

Plaintiff asserted in his complaint that he was denied basic supplies such as soap, toothpaste, deodorant, razors, shampoo, writing paper, and envelopes, for more than forty days, despite several requests to defendants Lyons, Padgett, and Copus. The Magistrate Judge properly characterized Plaintiff's Eighth Amendment claim as a "conditions of confinement" claim. However, the Magistrate Judge then found that this claim was similar to the Eighth Amendment claim raised in *Carlson v. Green*, 446 U.S. 14 (1980) (Eighth Amendment Cruel and Unusual Punishments Clause for failure to provide adequate medical treatment). Given the recent pronouncements from the U.S. Supreme Court, the Court questions this approach.

As the Magistrate Judge noted for Plaintiff's First and Fifth Amendment Bivens claims, when a *Bivens* case differs "in a meaningful way from previous *Bivens* cases decided by [the Supreme] Court [i.e., *Bivens*, *Davis* and *Carlson*], then the context is new." *Ziglar v. Abbasi*, 137 S.Ct. 1843, 1857 (2017).

> A case might differ in a meaningful way because of the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous Bivens cases did not consider.

*Id*. at 1859-60. Even if a case has "significant parallels" to one of the three previously recognized Bivens claim, and would only be a "modest extension," it would still arise in a new context. *Id*. at 1864. Plaintiff's Eighth Amendment claim, while arising under the cruel and unusual punishment clause, concerns conditions of confinement and not, as was the case in

*Carlson*, inadequate medical care. *See Winstead v. Matevousian*, 2018 WL 2021040, at *3 (E.D. Cal. May 1, 2018) (analyzing special factors and declining to expand a *Bivens* remedy under the Eighth Amendment for "claims arising out of an inmate assault, threats by officers, removal of mattress and deliberate indifference to those actions"); *Mercer v. Matevousian*, 2018 WL 4859312, *3 (E.D. Cal. Oct 5, 2018) ("Plaintiff's allegations are properly characterized as a conditions of confinement claim, which differs from [the *Carlson*] claim for failure to provide medical care or treatment.").

Given that Plaintiff's "conditions of confinement" claim presents a new context, the Court is to consider the same "special factors" the Magistrate Judge considered as to Plaintiff's First and Fifth Amendment claims under *Bivens*. The Court finds the same logic counseling against extension of *Bivens* for those claims—the existence of the PLRA and absence of Congressional action—similarly applicable to Plaintiff's Eighth Amendment. Thus, Plaintiff's Eighth Amendment "conditions of confinement" claim under Bivens must be dismissed with prejudice.[1]

---

[1] In the past year, courts in this District has dismissed multiple *Bivens* claims by prisoners pursuant to the Magistrate Judge's logic—that Congress's actions surrounding the Prison Litigation Reform Act "suggests Congress chose not to extend the Carlson damages remedy to cases involving other types of prisoner mistreatment." *Mercer*, 2018 WL 4859312 at *3 (quoting dicta from *Ziglar*, 137 S.Ct. at 1865). The Court notes a significant split on this issue between the Eastern and Central Districts in California regarding prisoners' access to *Bivens*, and also notes that many of these cases are currently on appeal at the Ninth Circuit. *Cf. Mercer*, 2018 WL 4859312 (finding PLRA precludes prisoner's Eighth Amendment "conditions of confinement" claim); *Buenrostro v Fajardo*, 2017 WL 6033469 (E.D. Cal. December 5, 2017) (finding PLRA precludes prisoner's Fifth Amendment due process and First Amendment retaliation claims); *Hunt v Matevousian*, 336 F.Supp.3d 1159 (E.D. Cal. 2018) (finding PLRA precludes prisoner's Fifth Amendment due process and Eighth Amendment excessive force claim); *Pitts v. Matevousian*, 2018 WL 3388413 (E.D. Cal. July 10, 2018) (finding grievance procedures under PLRA preclude prisoner's First Amendment retaliation claim); *Reid v. US* , 2018 WL 1588264 (E.D. Cal. April 2, 2018) (finding PLRA precludes prisoner's First Amendment retaliation claims); *Stratmon v. Morris*, 2018 WL 3388406 (E.D. Cal July 10, 2018) (finding grievance procedures under PLRA preclude prisoner's First Amendment interference with mail claim); *Winstead*, 2018 WL 2021040 (finding PLRA precludes prisoner's First Amendment retaliation and access-to-courts claims and Eighth Amendment failure to protect and excessive force claims); *with Jerra v. United States*, 2018 WL 1605563 (C.D. Cal March 29, 2018) (finding neither BOP administrative remedies, potential for injunctive relief, potential claim under the Federal Tort Claims Act, nor state tort law did not preclude prisoner's Eighth Amendment excessive force or First Amendment retaliation claim); *McLean v. Gutierrez*, 2017 WL 6887309 (C.D. Cal August 28, 2017) (prisoner's Eighth Amendment excessive force claim allowed to proceed because, *inter alia*, PLRA dealt with high-level policies and claim was "simple question of whether federal official applied excessive force . . . ."); *Moneyham v. United States*, 2018 WL 3814586 (C.D. Cal. May 31, 2018) ("[W]hile Congress's passage of the PLRA in 1995 may be indicative of the legislative branch's implicit determination not to allow damages as a remedy for prisoner mistreatment cases beyond Carlson, the PLRA 'itself does not provide a standalone damages remedy against federal jailers.' *Ziglar*, 137 S.Ct. at 1865. Thus, the Court cannot conclude the PLRA suggests Congress chose not to extend the Carlson damages remedy to

Accordingly, THE COURT HEREBY ORDERS that:

1. The Findings and Recommendations issued by the Magistrate Judge on October 18, 2018, are ADOPTED in part and MODIFIED in part, as stated in this Order;
2. This action is dismissed, with prejudice, based on Plaintiff's failure to state a claim upon which relief may be granted under *Bivens*;
3. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).  *Silva v. Vittorio*, 658 F.3d 1090, 1098 (9th Cir. 2011); and
4. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:  January 18, 2019

_____
SENIOR DISTRICT JUDGE

---

cases involving other types of prisoner mistreatment."); *but see also Lineberry v. Johnson*, 2018 WL 4232907 (S.D. W.Va. August 10, 2018) (analyzing prisoner's Eighth Amendment excessive force claim under *Bivens*, finding it analogous to Carlton, and commenting that even if the claim is a "new context," no alternative remedies or special factors counseled hesitation to expanding *Bivens*—given that the BOP's administrative remedy would provide no relief, the FTCA has been construed as a remedy parallel to Bivens, an injunction would not remedy past conduct, the PLRA merely intended to reduce the quantity but improve the quality of prisoner litigation, and the allowance of an excessive force claim under Bivens would not overly burden federal courts).